**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RONALD KEMONI PETERSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NEDELCU, et al.,<br><br>　　　　Defendants. | No.  2:21-CV-1098-DMC-P<br><br><br>ORDER |

　　　　Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is Plaintiff's complaint, ECF No. 1.

　　　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

1 rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege
2 with at least some degree of particularity overt acts by specific defendants which support the
3 claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is
4 impossible for the Court to conduct the screening required by law when the allegations are vague
5 and conclusory.
6 Plaintiff names the following prison officials as defendants: (1) Nedelcu; (2)
7 Bowen; (3) Osuna; (4) Fletcher; (5) Footman; and (6) Orman.  See ECF No. 1, pg. 3.  Plaintiff
8 alleges that Defendants caused him to be subject to a rules violation by planting a weapon in his
9 cell.  See id. at 4-5.  According to documents attached to the complaint, Plaintiff was assessed a
10 loss of 181 days good-time credits.  See id. at 24.
11 When a state prisoner challenges the legality of his custody and the relief he seeks
12 is a determination that he is entitled to an earlier or immediate release, such a challenge is not
13 cognizable under 42 U.S.C. § 1983 and the prisoner's sole federal remedy is a petition for a writ
14 of habeas corpus.  See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Neal v. Shimoda,
15 131 F.3d 818, 824 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir.
16 1995) (per curiam).  Thus, where a § 1983 action seeking monetary damages or declaratory relief
17 alleges constitutional violations which would necessarily imply the invalidity of the prisoner's
18 underlying conviction or sentence, or the result of a prison disciplinary hearing resulting in
19 imposition of a sanction affecting the overall length of confinement, such a claim is not
20 cognizable under § 1983 unless the conviction or sentence has first been invalidated on appeal, by
21 habeas petition, or through some similar proceeding.  See Heck v. Humphrey, 512 U.S. 477, 483-
22 84 (1994) (concluding that § 1983 claim not cognizable because allegations were akin to
23 malicious prosecution action which includes as an element a finding that the criminal proceeding
24 was concluded in plaintiff's favor); Butterfield v. Bail, 120 F.3d 1023, 1024-25 (9th Cir. 1997)
25 (concluding that § 1983 claim not cognizable because allegations of procedural defects were an
26 attempt to challenge substantive result in parole hearing); cf. Neal, 131 F.3d at 824 (concluding
27 that § 1983 claim was cognizable because challenge was to conditions for parole eligibility and
28 not to any particular parole determination); cf. Wilkinson v. Dotson, 544 U.S. 74 (2005)

(concluding that § 1983 action seeking changes in procedures for determining when an inmate is eligible for parole consideration not barred because changed procedures would hasten future parole consideration and not affect any earlier parole determination under the prior procedures).

In particular, where the claim involves the loss of good-time credits as a result of an adverse prison disciplinary finding, the claim is not cognizable under Section 1983. See Edwards v. Balisok, 520 U.S. 641, 646 (1987) (holding that § 1983 claim not cognizable because allegations of procedural defects and a biased hearing officer implied the invalidity of the underlying prison disciplinary sanction of loss of good-time credits); Blueford v. Prunty, 108 F.3d 251, 255 (9th Cir. 1997); cf. Ramirez v. Galaza, 334 F.3d 850, 858 (9th. Cir. 2003) (holding that the favorable termination rule of Heck and Edwards does not apply to challenges to prison disciplinary hearings where the administrative sanction imposed does not affect the overall length of confinement and, thus, does not go to the heart of habeas); see also Wilkerson v. Wheeler, 772 F.3d 834 (9th Cir. 2014) (discussing loss of good-time credits).

Here, success on the merits of Plaintiff's claim would necessarily imply the invalidity of the disciplinary sanction imposed – the loss of good-time credits – and could thus affect the overall length of Plaintiff's confinement. Whether this is the case, however, is not certain on the facts currently alleged because Plaintiff does not state what sentencing he is serving or other facts to allow the Court to determine the relationship between the loss of credits and the length of Plaintiff's confinement. Plaintiff will be provided an opportunity to amend to allege additional facts relating to his sentence and the loss of good-time credits.

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make

Plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be complete in itself without reference to any prior pleading.  See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, Plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b).  See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed with leave to amend; and
2. Plaintiff shall file a first amended complaint within 30 days of the date of service of this order.

Dated:  August 27, 2021

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

4